**AMERICAN NAT. INS. CO. v. B. GONZALEZ & CO. et al.**

No. 9372.

Court of Civil Appeals of Texas. San Antonio.

May 23, 1934.

Rehearing Denied June 13, 1934.

Carter & Carter, of San Antonio, for appellant.

James R. Cade, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by appellees, B. Gonzalez & Co., Arcadio Reyes, and Rodolfo Villareal, against appellant, American National Insurance Company, for the principal sum of $400, upon a life insurance policy alleged to have been issued on the life of George Villareal in favor of Rodolfo Villareal. It is further alleged that the beneficiary after the death of the insured executed an assignment of certain rights in the policy to B. Gonzalez & Co. and also executed another assignment and power of attorney to Arcadio Reyes. Appellees also asked for penalties and attorney's fees. .

A jury trial was had, and upon the answers of the jury to the questions propounded to them, the trial judge rendered judgment in favor of appellees for the principal sum provided for in said insurance policy, together with penalties and $150 as attorney's fees.

The Insurance Company has perfected this appeal.

■ The entire controversy in this case revolves around the correct spelling of the names of the insured and the beneficiary. In the application for the insurance the insured's name is spelled "George Viarreal" and the beneficiary's name is spelled "Rodolfo Viarreal," while the premium receipt book has the insured's name spelled "George Villareal." The record discloses that the correct spelling of deceased's surname is "Villareal" and that the beneficiary spelled his surname the same way. The evidence is clear that the insured and the deceased were one and the same person, and that the insurance policy was actually issued on the life of George Villareal, but that one De Bona, the agent who secured the application, simply wrote the name wrong in the application. There were other discrepancies, such as the place of birth of the insured and his height; but these were also explained away and shown to be the result of the careless manner in which the agent prepared the application. The jury properly found that the policy was issued upon the life of George Villareal and that he was at the time of the trial deceased.

■ Appellant assails the assignments of the policy made by the beneficiary as not being based on a consideration. The original beneficiary and the two alleged assignees were all parties to the suit, and it was no concern of appellant whether or not the assignments were based upon a consideration. The appellant would be protected by the judgment regardless of how the court divided the proceeds of the policy among the several appellees.

■ Appellant further complains of the introduction of evidence as to what would be a reasonable attorney's fee in this case, and the action of the trial court in allowing attorney's fees in the sum of $150. The evidence was properly admitted and the amount allowed was not excessive.

■ Appellant assigns as error the refusal of the court to order the body of the insured exhumed for the purpose of identification. The request to have the body exhumed was presented to the trial judge for the first time during the trial of the cause. No excuse was shown why this matter was not presented before an announcement of ready. Neither is it shown that the exhuming of the body would serve any useful purpose. The principal matters in dispute were the correct spelling of deceased's name and the place of his birth. An autopsy of the body made eight months after its burial would shed no light on these questions.

■ There is another reason why appellant's assignments are not well taken. The appellees were all of Mexican extraction and the name "Villareal" is a Mexican name. According to the Mexican pronunciation, the names "Villareal" and "Viarreal" are idem sonans, and there was no real variance between the name stated in the policy and that of the insured.

The judgment will be affirmed.